IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| DORA ESTELLA GAY, | * | CHAPTER 7 |
|     Debtor | * | |
| | * | CASE NO. 1:14-bk-01093-MDF |
| ANTHONY BOTEK, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO. 1:14-ap-00138-MDF |
| | * | |
| DORA ESTELLA GAY, | * | |
|     Defendant | * | |

**OPINION**

Before me is a Motion filed by Anthony Botek ("Plaintiff") on October 28, 2015 requesting reconsideration of the Judgment entered October 14, 2015 against Plaintiff in the above-captioned matter. In his Motion, Plaintiff argues that the Judgment was based upon erroneous findings because I misinterpreted certain evidence and testimony. For the reasons that follow, reconsideration will be denied.

**I. Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may grant relief to a party from a final judgment for the following reasons: (1) mistake, (2) newly discovered evidence, (3) fraud, (4) misrepresentation, (5) misconduct by the opposing party, and (6) any other reason that justifies relief. Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60(b)(1) - (6)). "As a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake . . . or (2) where the judge has made a substantive mistake of law or fact in the final judgment or

order." *In re Shannopin Mining Co.*, No. 96-2185, 2002 WL 31002883, at *25 (W.D. Pa. July 15, 2002) (citing *Cashner v. Freedom Stores, Inc.*, 98 F3d 572, 576 (10th Cir. 1996)).

In his Motion, Plaintiff does not assert that he has discovered new evidence, nor does he argue that there has been fraud, misrepresentation, or misconduct by Debtor in the trial of this case. He asserts only that the Opinion contains certain mistakes in the factual findings and asks the Court to reassess Debtor's credibility. Therefore, the only basis for reconsideration of the decision is for "mistake" under Rule 60(b)(1) or, alternatively, Rule 60(b)(6), which provides for reconsideration for "any reasons that justifies relief." Rule 60(b)(6) is referred to as the "catch-all" provision. The "catch-all" provision, however, is not available as a source of relief if other grounds under Rule 60(b) are alleged. *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 393 (1993) (Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive"); *see also In re Dizinno*, Case No. 1:14-bk-05291-MDF, Adv. No. 1:15-ap-00012-MDF, 2015 WL 5636460 at *2 (Bankr. M.D. Pa. Sept. 23, 2015).

Plaintiff argues that the Court was mistaken as to three particular findings, namely: (1) that Plaintiff did not justifiably rely on Debtor's statements in her rental application about her prior addresses and rent payment history; (2) that Plaintiff could have contacted Debtor's prior landlords to verify the representations she made in her rental application; and (3) that Debtor defaulted on her rent payments to Plaintiff because she lost her job. The first two arguments go to the Court's findings regarding Plaintiff's case under § 523(a)(2)(A), the third argument implicates findings under § 523(a)(6). None of the three arguments merits reconsideration of the Court's decision.

The finding that Plaintiff did not justifiably rely on Debtor's statements was based on unrefuted testimony. Plaintiff admitted that before he signed the lease with Debtor he discovered that Debtor's list of prior addresses was inaccurate. After confronting her with this information, he elected to overlook these discrepancies without contacting Debtor's prior landlords to verify her rental history. Plaintiff chose not to contact the other landlords because he believed that their contact information would be too difficult to locate. Plaintiff, however, could have shifted the burden to Debtor to provide him with contact information for her former landlords, and if she failed to produce the information, decline to enter into a lease agreement. "One must 'use his senses' and cannot recover if he 'blindly relies' on a misrepresentation whose falsity would be 'patent' to him had he utilized the opportunity to make a 'cursory' examination or investigation." *Gordon v. Bruce (In re Bruce)*, 262 B.R. 632, 637 (Bankr. W.D. Pa. 2001) (citing *Field v. Mans*, 516 U.S. 59, 71 (1995). Therefore, Plaintiff failed to demonstrate that his reliance on Debtor's representations regarding her rental history was justifiable.

Similarly, Plaintiff's argument that it was unreasonable to expect him to contact Debtor's former landlords is not persuasive. Plaintiff argues that to place such a duty on him would be "an unfair burden." The Court is puzzled by this assertion. What other purpose would be served by obtaining an applicant's rental history other than to provide information that would enable a landlord to contact former landlords for references? The Court disagrees that expecting Plaintiff to contact former landlords to verify information provided by an applicant that was obviously incorrect imposes an unfair burden on Plaintiff.[1]

---

[1] Even if it were permissible to consider Plaintiff's motion under the catch-all provision of Rule 60(b)(6), I would reach the same conclusion that Plaintiff is not entitled to relief. Plaintiff failed to conduct due diligence when presented with patently incorrect information. *See Pierce*

3

Finally, Plaintiff argues that I should reconsider the judgment entered against him for his claim under § 523(a)(6) because my finding was erroneous that Debtor ceased to pay rent due to her loss of employment. Plaintiff asserts that Debtor's income did not decrease as a result of losing her job, and so her failure to pay rent did not arise from economic hardship.

The testimony regarding the impact Debtor's loss of employment had on her ability to pay rent was muddled. However, it was not Debtor's burden to prove that she ceased paying rent because of economic hardship. The Supreme Court has explained that § 523(a)(6) contemplates that the injury suffered is analogous to an intentional tort. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). "A breach of contract unaccompanied by tortious conduct . . . does not give rise to a Section 523(a)(6) nondischargeability claim." *In re Picard,* 339 B.R. 542, 554 (Bankr. D. Conn. 2006) (citing cases where debts for breach of contract were found dischargeable in the absence of tortious conduct). "To hold that § 523(a)(6) is applicable to every failure to pay a debt, even in the absence of intentionally tortious conduct, would essentially render meaningless the protections afforded a debtor by the Bankruptcy Code . . . . " *Orr v. Marcella (In re Marcella)*, 463 B.R. 212, 220 (Bankr. D. Conn. 2011).

A breach of contract coupled with a malicious act can be grounds for excepting a debt from discharge under § 523(a)(6). In *AgChoice Farm Credit v. Glenn (In re Glenn)*, Case No. 1:11-bk-20164-MDF, Adv. No. 1:11-ap-00324-MDF, 2012 WL 3775977 (Bankr. M.D. Pa. Aug. 28, 2012), I found that the debtors actions were malicious for purposes of §523(a)(6) when the debtors not only failed to pay their mortgage, but also intentionally damaged the real property

---

*Associates, Inc. v. Numbers Found.*, 865 F.2d 530, 548 (3d Cir. 1988) (Rule 60(b) relief is "directed to the sound discretion of the trial court.").

subject to the creditor's lien by taking fixtures, namely, cabinetry, lights, and bathroom fixtures when they vacated the property. The Glenns clearly intended to harm the creditor who they felt took advantage of them during the foreclosure process. Similarly, in *Mitchell v. Beamenderfer* (*In re Beamenderfer*), Case No. 1:06-bk-00610-MDF, Adv. No. 1:06-ap-00119-MDF, 2008 WL 5158386 (Bankr. M.D. Pa. September 10, 2008), I found a willful and malicious injury was inflicted where a debtor/contractor not only performed substandard work, but also knowingly filed a false application for a building permit and failed to obtain necessary building inspections placing the creditor in violation of local law. In both *Glenn* and *Beamenderfer*, the debtor's willful and malicious conduct was an omission compounded by a volitional act akin to a tort that was substantially certain to harm the creditor. In this case, Plaintiff has alleged nothing more than a breach of contract.

## II. Conclusion

The Court is not persuaded that the Judgment entered October 14, 2015 dismissing the Complaint in this matter was based upon a mistake of fact or for any other reason that justifies relief. Therefore, the Motion for reconsideration will be denied.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: October 20, 2015